UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL NO. 2004CR10132-WGY

UNITED STATES OF AMERICA

V.

RAFAEL RODRIGUEZ
A/K/A RAPHAEL RODRIGUEZ A/K A/ ERNESTO MORALES A/K/A JOSE GARCIA

### ORDER ON DETENTION

May 17, 2004

ALEXANDER, M.J.

The defendant, RAFAEL RODRIGUEZ A/K/A RAPHAEL RODRIGUEZ A/KA/ ERNESTO MORALES A/K/A JOSE GARCIA ("Mr. Rodriguez"), appeared before this Court on May 14, 2004 for an arraignment and detention hearing pursuant to an indictment charging him with violation of 18 U.S.C. § 1326 (illegal reentry of a deported alien). At that time, Mr. Rodriguez was represented by Attorney Syrie Fried of the Federal Defender's Office and the government was represented by Assistant United States Attorney Seth Berman. The government renewed its motion for detention pursuant to 18 U.S.C. § 3142(f)(1)(D)(criminal recidivism) and (f)(2)(A) (the defendant poses a risk of flight). The following recounts the hearing and the Court's ruling from the bench that there is no condition or combination of conditions to assure the safety of the community and adequately vitiate the risk of flight and that the defendant be DETAINED

pending trial.

In support of its motion for detention, the government recounted and relied upon the credible testimony of Special Agent Joseph Gaeta of the United States Department of Immigration and Customs Enforcement. According to Agent Gaeta's testimony, Mr. Rodriguez is a native and citizen of the Dominican Republic. Although he was at one point granted legal status in the United States, he is neither an American citizen nor can authorities ascertain when he first entered the country.

What is apparent is that Mr. Rodriguez was convicted in June 1999 on controlled substances offenses in the New York state courts for his role in the attempted sale of heroin. The New York courts imposed a sentence of imprisonment ranging from fifty-four months to life. On February 14, 2000, he was ordered deported from the United States and on February 4, 2002, he was removed from the United States to the Dominican Republic. At the time of his removal, fingerprint evidence was taken from the defendant.

Agent Gaeta testified that he has reviewed the "A file" on Mr. Rodriguez maintained by the American government. Mr. Rodriguez has not sought permission to re-enter the United States and he has not been granted such permission. Nevertheless, in early February 2003, Mr. Rodriguez was found in Lynn, Massachusetts when local police personnel working on a drug task force arrested him for cocaine and heroin distribution.

At the time of that arrest, Mr. Rodriguez was using an alias, "Ernesto Morales." He was subsequently convicted of controlled substance and true name offenses in the

2

Lynn District Court and sentenced to one year incarceration.

Agent Gaeta testified that fingerprint analysis of prints taken from Mr. Rodriguez at the time of deportation and those taken from the person identifying himself as Ernesto Morales were compared by the Federal Bureau of Investigation. Documentary evidence confirming that those two sets of prints "matched" was admitted into evidence, and Agent Gaeta testified to the same effect.

With this and other information in mind, the Court made its determination on the issue of detention.

Pursuant to the Bail Reform Act of 1984, this Court shall detain a criminal defendant pending trial upon a determination that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community . . . " 18 U.S.C. § 3142 (e). This determination is typically predicated upon the Government's ability to make a showing of "dangerousness or risk of flight," United States v. Montalvo-Murillo, 495 U.S. 711, 716-17 (1990), but because of the interference of pre-trial detention with the "importan[t] and fundamental. . .right" of liberty, United States v. Salerno, 481 U.S. 739, 750 (1987), this Court will not make such a finding lightly.

"With regard to risk of flight as a basis for detention, the Government must prove by a preponderance of the evidence that no combination of conditions will reasonably assure the defendant's appearance at future court proceedings." United States v.

DiGiacomo, 746 F. Supp. 1176, 1180-81 (D. Mass. 1990). The burden of persuasion remains with the Government on the question of flight risk. See DiGiacomo, 746 F. Supp. at 1181 (citations omitted).

The Court's calculus of detention is governed by 18 U.S.C. §3142(g). In ordering Mr. Rodriguez be detained, this Court first considered the nature and circumstances of the offense. Although Mr. Rodriguez has not committed a violent crime in the instant case, the Court notes that at the time he was found by authorities in Lynn, he was involved in a controlled substance offense. Moreover, he proffered a false identity to the authorities when he was arrested. Those circumstances are of great concern to this Court.

The Court next considered the weight of the evidence against the defendant. That evidence is not insignificant. In that an indictment is extant, there is probable cause to believe that the defendant committed the offense with which he is charged. United States v. Vargas, 804 F.2d 157, 162-63 (1st Cir. 1986). Given the credible testimony of Agent Gaeta and the documentary evidence adduced at hearing, the Court finds that the government's case against the defendant is strong.

Third, the Court considered the history and characteristics of the defendant. Because Mr. Rodriguez refused to be interviewed by the Pretrial Services Office, the Court has limited information about his ties to the District and his social history. Indeed, there is a paucity of any information that suggests ties to the community or which could be balanced in his favor during the analysis of the issues of danger and flight risk. What

information is available – his criminal history – does not portend release. That record indicates repeated controlled substance offenses involving two particularly destructive drugs – cocaine and heroin — that have harmed many individuals and communities. The use of aliases and the presence of default notations only magnify the concerns about the risk of flight presented by this individual, who faces not insignificant penalties upon conviction, including incarceration and deportation.

Finally, this Court pondered the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. Given the defendant's repeated violations of the controlled substances laws, the Court is particularly concerned that the community would be harmed by his release.

Against this background, the Court concluded by a preponderance of the evidence that Mr. Rodriguez poses a serious risk of flight that could not be contained by any condition or combination of conditions.

Based on these findings and the factors outlined above, this Court ORDERS that the defendant RAFAEL RODRIGUEZ A/K/A RAPHAEL RODRIGUEZ A/KA/ ERNESTO MORALES A/K/A JOSE GARCIA be detained pending trial.

Further, pursuant to 18 U.S.C. §3142 (i) it is ORDERED that:

1. The Defendant be, and hereby is, committed to the Custody of the Attorney General for confinement in a corrections facility, separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2. The Defendant be afforded reasonable opportunity for private consultation with his

counselor; and

3. On Order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding.

Review of this Detention Order may be obtained by Defendant's filing of a motion for revocation or amendment of the Order pursuant to 18 U.S.C. § 3145 (b).

SO ORDERED.

United States Magistrate Judge