IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA        :
                                :   CRIMINAL No. 04-10132-WGY
        v.                      :
                                :
RAFAEL RODRIGUEZ,               :
        Defendant               :

UNITED STATES' SENTENCING MEMORANDUM

The United States of America, by and through undersigned counsel, hereby submits this sentencing memorandum in the above-captioned matter to address two issued raised by the pre-sentence report and the defendant's objections thereto. The United States reserves the right to submit a supplemental memorandum, should the defendant raise any additional issues prior to sentencing.

I. Blakely Does Not Preclude Application of a 16-Level Enhancement in this Case

The United States Probation Office has determined that the offense level applicable to this case is 21. The Probation Office reaches this conclusion by applying 2L1.2(a), which assigns a base offense level of 8, increasing by 16 levels because the defendant previously was deported after a conviction for a felony that is a drug trafficking offense for which the sentence imposed exceeded 13 months, and reducing by 3 levels for acceptance of responsibility. See PSR at ¶¶ 25-34. In his objections to the pre-sentence report, the defendant argues that Blakely v. Washington, 124 Sct. 2531 (2004) precludes application of the 16-level enhancement, arguing that the defendant was

entitled to an indictment and trial by jury on the allegation that he had been deported after conviction for a drug trafficking offense for which he received a sentence of greater than 16 months.[1]  See Defendant's objections to ¶¶ 28, 32, 34 of the PSR. In making this argument, Defendant misconstrues the holding of Blakely, and the law with regard to this issue.  Indeed, Judge Nancy Gertner recently dealt with the 16-level enhancement under 2L1.2 post-Blakely in United States v. Gonzalez, Criminal No. 03-10027 (November 17, 2004).  In that case, as in this one, the fact that the defendant previously had been convicted of a drug trafficking felony was not alleged in the Indictment. Nonetheless, Judge Gertner applied the 16-level enhancement, as the government aks the Court to do in the case at bar, for the following reasons.

Pursuant to its express terms, the Supreme Court's decision in Blakely v. Washington, 124 S. Ct. 2531 (2004), does not apply to sentencing enhancements arising out of a defendant's recidivism.  In Blakely, the Supreme Court reaffirmed the established precedent that a court may enhance a defendant's sentence based upon a review of the defendant's entire criminal history, i.e. recidivism.  Id. at 2536.  Thus, facts concerning a

---

[1] The defendant's objections also suggest an issue with the initial base offense level of 8.  However, the government did allege a violation of (b)(2) in the Indictment, and, at the Rule 11 hearing, the Court specifically asked the defendant whether he understood that the Court would consider his prior convictions to be aggravated felonies, which the defendant said that he did.

defendant's criminal history need not be presented to a jury even though such facts lead to an enhancement in the defendant's sentence. See e.g., Almendarez-Torres v. United States, 523 U.S. 224, 229-48 (1998); United States v. Pacheco-Zepeda, 234 F.3d 411, 413-15 (9th Cir. 2001). As a result, a defendant may not properly challenge, under Blakely, an enhancement to his or her sentence that is predicated upon the defendant's criminal history, including a calculation of the defendant's Criminal History Category under the Sentencing Guidelines or a statutory enhancement based upon the defendant's prior convictions, such as the enhancement at issue in this case.

In Almendarez-Torres, 523 U.S. at 229-48, the Supreme Court ruled that facts related to a defendant's recidivism need not be presented to a jury even though they could result in an increase in the penalty faced by the defendant.[2] The Court noted at the outset of its decision "that the relevant statutory subject matter is recidivism. That subject matter - prior commission of a serious crime - is as typical a sentencing factor as one might imagine." Id. at 230. Along the same lines, the Court further stated that "the sentencing factor at issue here - recidivism - is a traditional, if not the most traditional, basis for a

---

[2] The Court reviewed whether 8 U.S.C. § 1326(b)(2) "defines a separate crime or simply authorizes an enhanced penalty." Almendarez-Torres, 523 U.S. at 226. The "Court expressly and unequivocally held that § 1326(b)(2) 'simply authorizes a court to increase the sentence for a recidivist . . . [a]nd does not define a separate crime.'" Pacheco-Zepeda, 234 F.3d at 413 (citation omitted).

sentencing court's increasing an offender's sentence." <u>Id.</u> at 243; <u>see also</u> <u>Parke v. Raley</u>, 506 U.S. 20, 26 (1992) (recidivism laws "have a long tradition in this country that dates back to colonial times").

As is clear from its express language, <u>Almendarez-Torres</u> revolves around the theory that recidivism has been traditionally an area of inquiry for the court, not the jury, even though recidivism may result in an increased sentence for the offender.³ The Supreme Court, in an opinion authored by Justice Souter for the same majority as in <u>Blakely</u>, subsequently recognized that:

> [<u>Almendarez-Torres</u>] . . . stands for the proposition that not every fact expanding a penalty range must be stated in a felony indictment, the precise holding being that recidivism increasing the maximum penalty need not be so charged . . . . [T]he holding . . . rested in substantial part on the tradition of regarding recidivism as a sentencing factor, not as an element to be set out in the indictment. <u>The Court's repeated emphasis on the distinctive significance of recidivism leaves no question that the Court regarded that fact as potentially distinguishable for constitutional purposes from other facts that might extend the range of possible sentencing</u>.

<u>Jones v. United States</u>, 526 U.S. 227, 249 (1999) (emphasis added); <u>see also</u> <u>Pacheco-Zepeda</u>, 234 F.3d at 413 (The <u>Almendarez-Torres</u> "Court rejected the argument that, because the fact of recidivism increased the maximum penalty to which a defendant was

---

³ As recently noted by Judge Easterbrook, "<u>Almendarez-Torres</u> holds that juries need not be asked to determine a defendant's criminal history even for purposes of recidivist statutes that use convictions to increase the maximum sentence." <u>United States v. Booker</u>, No. 03-4225, 2004 WL 1535858 at *7 (7th Cir. July 9, 2004) (Easterbrook, J. dissenting), <u>cert. granted</u>, No. 04-104 (Aug. 2, 2004).

exposed, Congress was constitutionally required to treat recidivism as an element of the crime that must be charged in the indictment and proved beyond a reasonable doubt.").

Preserving its decision in Almendarez-Torres, in Apprendi v. New Jersey, 530 U.S. 466, 490 (2000), the Supreme Court again ruled that a defendant's recidivism did not need to be proved beyond a reasonable doubt before a jury in order to be used by a court to enhance the defendant's sentence. The Court specifically held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt." Id. In support of its recidivism exception, the Court noted that:

> [T]here is a vast difference between accepting the validity of a prior judgment of conviction entered in a proceeding in which the defendant had the right to a jury trial and the right to require the prosecutor to prove guilt beyond a reasonable doubt, and allowing the judge to find the required fact under a lesser standard of proof.

Id. at 496.

The Ninth Circuit has consistently held that "Apprendi expressly excludes recidivism from its scope. Defendant's criminal history need not be proved to a jury beyond a reasonable doubt." United States v. Martin, 278 F.3d 988, 1066 (9th Cir. 2002) (emphasis added); see also United States v. Castillo-Rivera, 244 F.3d 1020, 1025 (9th Cir. 2001) ("The Supreme Court 'unmistakably carved out an exception for 'prior convictions'

that specifically preserved the holding of *Almendarez-Torres*.'") (citing Pacheco-Zepeda, 234 F.3d at 415).[4]

The exception for recidivism set forth in Apprendi has also been recognized by other courts. For example, the Seventh Circuit has determined that, under the Supreme Court's decisions in Apprendi and Almendarez-Torres, "recidivism to enhance a sentence is a traditional sentencing factor and therefore determined by the court and not by the jury." United States v. Hendricks, 319 F.3d 993, 1008 (7th Cir. 2003); see also United States v. Cleaves, 299 F.3d 564, 570 (6th Cir. 2002) ("the law is still well-settled that the existence of prior convictions and their effect on a defendant's sentence are matters to be determined by the district court"); United States v. Kempis-Bonola, 287 F.3d 699, 702 (8th Cir. 2002) ("the holding of *Apprendi* expressly excepts the issue of recidivism from the rule it announced"); United States v. Wilson, 244 F.3d 1208, 1216 (10th Cir. 2001) ("The new rule of *Apprendi* specifically carves out the recidivism issue, requiring that facts 'other than the fact of a prior conviction' to be proven to a jury.").

In Blakely, the Supreme Court reaffirmed its prior rulings in Apprendi and Almendarez-Torres that a sentencing enhancement

---

[4] See also United States v. Hernandez-Hernandez, No. 02-30429, 2004 WL 1462445 at *2 (9th Cir. June 30, 2004) ("Hernandez-Hernandez contends that the district court improperly enhanced his sentence for prior aggravated felony convictions that the government did not charge in the indictment, submit to a jury, and prove beyond a reasonable doubt. This argument is foreclosed by our decision in . . . *Pacheco-Zepeda* . . . .").

which is predicated upon the defendant's recidivism does not have to be presented to a jury:

> This case requires us to apply the rule we expressed in *Apprendi v. New Jersey*, 530 U.S. 466, 490 . . . (2000): "<u>Other than the fact of a prior conviction</u>, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."

<u>Blakely</u>, 124 S. Ct. at 2536 (emphasis added).  Thus, by its own terms, <u>Blakely</u> permits enhancements of criminal sentences that are predicated on the offender's criminal history.

The continued viability of the recidivism exception after <u>Blakely</u> was confirmed by the Eleventh Circuit Court of Appeals which held that "[i]n *Almendarez-Torrez* [sic] v. *United States*, the Supreme Court held that the government need not allege in its indictment and need not prove beyond a reasonable doubt that a defendant had prior convictions for a district court to use those convictions for purposes of enhancing a sentence." <u>United States v. Marseille</u>, No. 03-12961, 2004 WL 1627026 at *6 (11th Cir. July 21, 2004) (affirming district court enhancement of sentence pursuant to USSG §§ 4B1.1 and 4B1.4(a) based upon prior convictions).  The Eleventh Circuit specifically found that <u>Blakely</u> was not applicable to an enhancement of a sentence predicated upon recidivism:

> Marseille has submitted the Supreme Court's recent decision in *Blakely v. Washington* . . . suggesting that the decision impacts his appeal. We have reviewed *Blakely* and conclude that it is inapposite. Only two factors increased Marseille's sentence: (1) that he obstructed justice by threatening a witness against him and (2) that he had prior convictions. Marseille

admitted to obstructing justice as part of his plea. And <u>though the district court found that Marseille had prior convictions, Blakely does not take such fact-finding out of the hands of the courts</u>.

<u>Id.</u> at *6 n.14 (emphasis added); see also <u>United States v. Terrell</u>, No. 8:04CR24, 2004 WL 1661018 at *5 n.4 (D. Neb. July 22, 2004) ("*Blakely* does not apply to enhancing facts based upon recidivism").[5] The Tenth Circuit has also confirmed this point by noting:

> In this case, the facts that increase the penalty beyond the statutory maximum are facts of prior conviction, for which *Apprendi* makes specific exception. *See Blakely v. Washington* . . . (reaffirming this exception); *United States v. Wilson*, 224 F.3d 1208, 1216 (10th Cir. 2001) ("The new rule of *Apprendi* specifically carves out the recidivism issue, requiring that facts 'other than the fact of prior conviction' be proven to a jury.").

<u>United States v. Cooper</u>, No. 03-4019, 2004 WL 1598798 at *10 n.3 (10th Cir. July 19, 2004); see also <u>United States v. Booker</u>, No. 03-4225, 2004 WL 1535858 at *2 (7th Cir. July 9, 2004) (the

---

[5] In <u>United States v. Leach</u>, No. CRIM. 02-172-14, 2004 WL 1610852 at *4 (E.D. Pa. July 13, 2004), the court refused to enhance a Criminal History Category based upon <u>Blakely</u>. The court held that "[u]nder the teaching of *Blakely* and *Booker*, we therefore will make no enhancement to Leach's sentence that he has not, by his admission, already agreed to." <u>Id.</u> This holding is incorrect in that it ignores the express carve-out for recidivism set forth both in <u>Blakely</u> and <u>Apprendi</u>. The court's holding also conflicts with Third Circuit precedent concerning the recidivism exception. See <u>United States v. Nelson</u>, 284 F.3d 472, 476 n.3 (3rd Cir. 2002) (denying appeal based upon the district court's "failure to submit [a defendant's] recidivism to the jury" because "the use of prior convictions without a jury finding is explicitly excluded from the scope of <u>Apprendi</u>"); <u>United States v. Weaver</u>, 267 F.3d 231, 250 (3rd Cir. 2001) (upholding recidivist statute under <u>Apprendi</u> based upon recidivism exception set forth in <u>Almendarez-Torres</u>).

"finding of facts (other than the fact of the defendant's criminal history) bearing on the length of the sentence is just what the Supreme Court in *Blakely* has determined to be the province of the jury.").[6]

As to particular applications of the recidivism review permitted by Apprendi and Almendarez-Torres, the Sentencing Guidelines sections dealing with the calculation of a defendant's criminal history, such as USSG § 4A1.1[7], fall within the coverage of the recidivism exception to Apprendi. See e.g., Marseille, No. 03-12961, 2004 WL 1627026 at *6 (affirming enhancements to sentence pursuant to USSG §§ 4B1.1 and 4B1.4). The Supreme Court's treatment of the criminal history sections of the Sentencing Guidelines confirms that these sections involve a determination of recidivism issues. In Parke v. Raley, 506 U.S. 20, 26-27 (1992), the Supreme Court specifically cited USSG §

---

[6] Any argument that Blakely and Apprendi have implicitly overruled Almendarez-Torres must be rejected. As succinctly stated by the Ninth Circuit, "[i]f the views of the Supreme Court's individual Justices and the composition of the Court remain the same, *Almendarez-Torres* may eventually be overruled . . . . But such speculation does not permit us to ignore controlling Supreme Court authority. Unless and until *Almendarez-Torres* is overruled by the Supreme Court, we must follow it." Pacheco-Zepeda, 214 F.3d at 414; see also Agostini v. Felton, 521 U.S. 203, 237 (1997).

[7] The Introductory Commentary to the Sentencing Guidelines sections involving criminal history confirms that these sections involve the issue of recidivism and states that the "specific factors included in § 4A1.1 and § 4A1.3 are consistent with the extant empirical research assessing correlates of recidivism and patterns of career criminal behavior."

4A1.1 as an example of a federally-enacted recidivist statute. Along the same lines, the Court has stated that "[w]here sentencing is at issue, the judge, enhancing a sentence in light of recidivism, must find a prior conviction, United States Sentencing Commission, Guidelines Manual §§ 4A1.1, 4B1.1 (Nov. 1998), which means that an earlier factfinder . . . found that the defendant committed the specific earlier crime, §§ 4A1.2(a)(1), 4B1.2(c)." Richardson v. United States, 526 U.S. 813, 822 (1999).

The Supreme Court repeatedly noted in Almendarez-Torres that the Sentencing Guidelines sections concerning criminal history computations constitute a typical recidivism determination. See Almendarez-Torres, 523 U.S. at 230, 243. In fact, the Almendarez-Torres "Court . . . explicitly referred to the obligation of a sentencing judge to take into account 'an offender's prior record in every case'" and relied upon USSG §§ 4A1.1 and 4A1.2 as support for this proposition. Soto-Ornelas, 312 F.3d at 1170 (citation omitted). The Ninth Circuit has also found that the criminal history sections of the Sentencing Guidelines involve a determination of recidivism. See e.g. United States v. Durham, 995 F.2d 936, 939 (9th Cir. 1993) ("We reasoned that § 4A1.1(d) considered one's *probation status* to measure recidivism . . . ."); see also United States v. Saffeels, 39 F.3d 833, 836 (8th Cir. 1994) ("Section 4A1.1, on the other hand, addresses a different sentencing concern, namely, assessing

a defendant's propensity for recidivism and the need for future deterrence.").

Therefore, given that the Sentencing Guidelines provisions dealing with criminal history (including specifically §§4A1.1 and 4A1.2) involve recidivism determinations, Apprendi and Blakely simply do not apply to these sections of the Sentencing Guidelines. As a result, a court is permitted to apply these sections of the Sentencing Guidelines in their entirety and without limitation in determining the appropriate sentence for an offender.

Like the Sentencing Guidelines, statutes that mandate an enhancement in an offender's sentence based upon the offender's criminal history fall within the recidivism exception to Apprendi and Blakely. See United States v. Echavarria-Escobar, 270 F.3d 1265, 1271 (9th Cir. 2001) (the "'subsection [8 U.S.C.§ 1326(b)(2)] increasing the penalty for previous deportation following conviction for an aggravated felony-was a mere penalty provision for recidivist behavior'") (citation omitted); see also United States v. Campbell, 270 F.3d 702, 708 (8th Cir. 2001) ("It is the law of this circuit, until the Supreme Court chooses to revisit the question of recidivism statutes, that *Apprendi* does not require the 'fact' of prior convictions to be pled or proved to a jury."); Santiago, 268 F.3d at 156-57 (Armed Career Criminal Act is a recidivist statute falling under the exception to Apprendi); Morris, 290 F.3d at 1012-13. As noted above, one such

recidivist statute is 8 U.S.C. § 1326(b)(2) which has been repeatedly held to be constitutional under Apprendi. For example, in United States v. Arellano-Rivera, 244 F.3d 1119, 1127 (9th Cir. 2001) (citations omitted), the Ninth Circuit expressly held that:

> (1) Apprendi did not overrule Almendarez-Torres; and (2) "nowhere does Apprendi limit Almendarez-Torres to cases where a defendant admits prior aggravated felony convictions on the record." . . . Simply put, "[u]nder Almendarez-Torres, the government was not required to include [a defendant's] prior aggravated felony convictions in the indictment, submit them to a jury, or prove them beyond a reasonable doubt."

See also Hernandez-Hernandez, No. 02-30429, 2004 WL 1462445 at *2 (holding the same); Ochoa-Gaytan, 265 F.3d at 846. The sentencing enhancement under section 1326(b)(2), like other recidivist statutes, remains viable despite the rulings in Apprendi and Blakely. Likewise, in the case at bar, the government was not required to charge the 16-level enhancement based on defendant's prior conviction in the indictment. Instead, the enhancement properly may be applied by this Court at sentencing.

II. The Guidelines Range

At the Rule 11 hearing in this case, the United States indicated that it believed the guidelines sentencing range to be 46-57 months. This was based on the theory that the defendant's criminal history category was III. The United States Probation Office, however, has determined the defendant's criminal history category to be V. Accordingly, based on an offense level of 21,

the correct sentencing range is 70 to 87 months. As stated at the Rule 11 hearing, the United States recommends a sentence at the low end of that range.

                                      Respectfully submitted,

                                      MICHAEL J. SULLIVAN
                                      United States Attorney

                            By:    /s/ Dena T. Sacco
                                      Dena T. Sacco
                                      Assistant U.S. Attorney

December 14, 2004

CERTIFICATE OF SERVICE

This is to certify that I have this day served upon the person listed below a copy of the foregoing document by hand delivery:

    Syrie Fried
    Federal Defender Service

This 15TH day of December, 2004.

                                            Dena T. Sacco
                                            ASSISTANT UNITED STATES ATTORNEY