UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA )
                         )
                         )
         v.              )     CRIM. NO. 04-10132-WGY
                         )
                         )
RAFAEL RODRIGUEZ         )


DEFENDANT'S RESPONSE TO
GOVERNMENT'S SENTENCING MEMORANDUM

The defendant Rafael Rodriguez, through undersigned counsel, respectfully submits this response to the government's sentencing memorandum in the above-captioned case.  The sentencing is set for December 21, 2004.

The Probation Department calculated that Rodriguez is subject to a sentence ranging from 70 months to 87 months under the Sentencing Guidelines, PSR ¶99, based on a criminal history score of V and an adjusted offense level of 21.  The government endorses this position and asserts that the court must sentence Mr. Rodriguez applying the 16-level enhancement under USSG §2L1.2.  Rodriguez objected to the Probation Department's calculation of the correct sentence, Addendum to PSR, Objection #s 2, 3, arguing that applying the 16-level enhancement required judicial findings of certain facts and violated his Sixth Amendment right to a jury trial.  Rodriguez cited Blakely v. Washington, 124 S.Ct. 2531 (2004), and United States v. Booker,

-1-

375 F.3d 508 (7th Cir. 2004).

Rodriguez advances two separate but related arguments for the court's consideration, one relating to §1326(a) and the statutory maximum, and the other relating to enhancements under USSG §2L1.2. Rodriguez submits that the court cannot impose a sentence exceeding two years, the statutory maximum under 8 U.S.C. §1326(a). Though <u>Almendarez-Torres v. United States</u>, 523 U.S. 224, 118 S.Ct. 1219 (1998), purported to authorize a court to impose a sentence under §1326(b)(2) where there had been no express indictment for deportation after conviction for an aggravated felony by treating that section of the statute as setting forth a mere sentencing factor, <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 120 S.Ct. 2348 (2000), subsequently made clear that so-called "sentencing factors" cannot be distinguished from elements of a crime for constitutional purposes:

> Any possible distinction between an "element" of a felony offense and a "sentencing factor" was unknown to the practice of criminal indictment, trial by jury, and judgment by court as it existed during the years surrounding our Nation's founding.
>
> .    .    .    .
>
> This practice at common law held true when indictments were issued pursuant to statute. Just as circumstances of the crime and the intent of the defendant at the time of commission were often essential elements to be alleged in the indictment, so too were the circumstances mandating a particular punishment. "Where a statute annexes a higher degree of punishment to a common-law felony, if committed under particular circumstances, an indictment for the offence, in order to bring the defendant within that

> higher degree of punishment, must expressly charge it
> to have been committed under those circumstances and
> must state the circumstances with certainty and
> precision."

120 S.Ct. at 2356-2357.  The Apprendi Court characterized the

decision in Almendarez-Torres as "an exceptional departure from

the historic practice that we have described," id. at 2361, and

went on to acknowledge that "it is arguable that Almendarez-

Torres was incorrectly decided, and that logical application of

our reasoning today should apply if the recidivist issue were

contested." Id. at 2362.

Rodriguez submits that Almendarez-Torres is no longer good

law.  Subsection (b)(2) can no longer be viewed merely as a

"sentencing factor" which need not be pled in the indictment or

proven beyond a reasonable doubt.[1]  Where an indictment for a

violation of §1326 does not expressly allege that a defendant was

deported after conviction for an aggravated felony, that

defendant may not receive a sentence exceeding two years'

imprisonment.  See Apprendi, supra, 120 S.Ct. at 2365- 2366;

Blakely, supra, 124 S.Ct. at 2537: "[o]ur precedents make clear,

however, that the "statutory maximum" for *Apprendi* purposes is

the maximum sentence a judge may impose *solely on the basis of*

*the facts reflected in the jury verdict or admitted by the*

---

[1]  Or admitted by the defendant at the time of his guilty
plea.

*defendant.* (emphasis in original).[2]

The indictment in this case charged that

[o]n or about September 22, 2003, at Lynn, in the
District of Massachusetts, RAFAEL RODRIGUEZ .   .   .
defendant herein, being an alien and having been
excluded, deported and removed from the United States,
was found in the United States without having received
the express consent of the United Sates Attorney
General prior to March 1, 2003, or the express consent
of the Secretary of the Department of Homeland Security
since that date, to reapply for admission to the United
States.

All in violation of Title 8, United States Code,
Section 1326(a)(1) and (b)(2) and Title 6 United States
Code, Section 202(3) and (4) and Section 557.

This indictment does not charge Rodriguez with the additional

element or "sentencing factor" of having been deported following

a conviction for an aggravated felony.  Nor did Rodriguez admit

to having been deported following conviction for an aggravated

felony during the plea proceedings in this case.[3]

In its memorandum, the government attempts to characterize

both <u>Apprendi</u> and <u>Blakely</u> as having reaffirmed <u>Almendarez-Torres</u>.

This characterization is completely inaccurate.  Neither case

---

[2]  "[T]he rule we expressed in <u>Apprendi v. New Jersey</u> . . .
reflects two longstanding tenets of common-law jurisprudence ...
[one of which is] that 'an accusation which lacks any particular
fact which the law makes essential to punishment is . . . no
accusation within the requirements of the common law, and it is
no accusation in reason.'" 124 S.Ct. at 2536 (internal citations
omitted).


[3] The transcript of the plea is attached as exhibit 1.

involved sentencing enhancements based on prior criminal
convictions.  Indeed, to the extent that Blakely endorses the
suggestion, made in McMillan v. Pennsylvania, 477 U.S. 79, 106
S.Ct. 2411 (1986), that a constitutional rubicon is crossed when
the sentencing factor becomes "the tail which wags the dog of the
substantive offense," the enhancement under §1326(b)(2) cannot
withstand scrutiny; this so-called sentencing factor increases
the statutory maximum sentence tenfold, from two years to twenty
years.  See Blakely, 124 S.Ct. at 2539.  Finally, the cases
relied on by the government were ones in which the defendant
acknowledged the factual basis for the recidivism enhancement,
despite its not having been alleged in the indictment.  Rodriguez
has made no such admission or acknowledgment here.[4]

Turning now to application of the guidelines on the
assumption, not conceded here, that the indictment's citation to
subsection (b)(2) suffices to charge the aggravated version of
illegal re-entry and thus to support an enhancement, Blakely and
Apprendi both prohibit an enhancement exceeding 8 levels over the
base offense level of 8 under §2L1.2.  The indictment says

---

[4]  This is why the Probation Department's responses to
Rodriguez's objections miss the point.  See Addendum to PSR,
Probation Officer's responses to objection #s 2 and 3.  The
propriety of the enhancement has nothing to do with whether the
underlying facts are easily proven or whether the defendant is in
a position to rebut them.  Rather, the objections concern what
crime the defendant was charged with and what he admitted guilt
to.

-5-

nothing about the species of aggravated felony Rodriguez was convicted of; nor does it say anything about the length of sentence he received.  §2L1.2 provides for three different levels of enhancement for aggravated felonies to the base offense level of 8.  These different gradations of enhancement depend on the particular prior aggravated felony and/or the length of sentence the defendant served on that conviction before his deportation. Surely, judicial fact-finding concerning these particulars of the defendant's prior record violates Rodriguez's right to a jury determination of these facts under the Sixth Amendment.

<u>CONCLUSION</u>

For the reasons set out above, Rodriguez submits that he cannot be sentenced to a term exceeding two years for his conviction for illegal re-entry.  Alternatively, he submits that application the sentencing guidelines consistent with <u>Blakely</u> requires this court not to enhance his base offense level more than eight levels.

```
                              Respectfully submitted
                              RAFAEL RODRIGUEZ
                              By his attorney,

                              /s/ Syrie D. Fried
                              Syrie D. Fried
                                B.B.O. # 555815
                              Federal Defender Office
                              408 Atlantic Avenue, 3rd Floor
                              Boston, MA  02110
                              Tel: 617-223-8061
```